## UNITED STATES v. AMERICAN TOBACCO CO.

(Circuit Court, S. D. New York. May 31, 1906.)

GRAND JURY—INVESTIGATION OF CORPORATIONS—RIGHT TO REQUIRE PRODUCTION OF BOOKS.

A corporation may be required to produce its books and papers before a grand jury engaged in investigating its acts within reasonable limits, and a subpœna which requires the production of its minute books for three years and letter copy books covering a period of three or four months is not too broad and sweeping.

On Motion to Vacate Subpœna.

Henry W. Taft, for the motion.
De Lancey Nicoll, opposed.

(Circuit Court, S. D. New York. June 16, 1906.)

GRAND JURY—INVESTIGATION OF CORPORATION—CONTEMPT OF OFFICER FOR DISOBEDIENCE OF SUBPŒNA.

The secretary of a corporation cannot be punished for contempt for failure to obey a subpœna duces tecum addressed to him, and requiring him to produce certain books of the corporation before a grand jury,

where such books have never been in his possession nor subject to his control, and it is shown that he cannot obtain them except surreptitiously or by a breach of the peace. The proper procedure in such case is to issue and serve a subpœna on the corporation itself.

[Ed. Note.—For cases in point, see vol. 50, Cent. Dig. Witnesses, §§ 25, 40.]

Motion to punish William E. Ransom for contempt for failure to obey a subpœna duces tecum. The motion is made on presentment of the grand jury.

H. W. Taft, Special U. S. Atty.

Nicoll, Anable & Lindsay and Junius Parker, for the American Tobacco Co.

LACOMBE, Circuit Judge. The question which seemed most prominent when the presentment was handed in, viz., that the books not produced were private and personal, has been eliminated. It is not disputed that they do contain copies of letters written by the president of the MacAndrews & Forbes Co., and concerned with the business of that corporation. Counsel for the government also state that they are not concerned with the covers of the book, nor with any copies of letters contained in it which relate to the purely personal business of any individual, whether he is the president or not, and call attention to the fact that the subpœna itself calls for letters addressed to specific persons or companies therein enumerated, and referring to business of the corporation, so that subpœna can be obeyed without any risk of exposing private correspondence in no ways concerned with such business.

The only question is as to the liability of Ransom, who is the secretary and treasurer of said corporation. He has produced everything called for except the letters contained in two books, which have, at all times since he became secretary, been in the exclusive custody of the president, and kept in the latter's desk. He states—and there seems no reason to doubt the accuracy of the statement—that he could not obtain such books without a breach of the peace, or an attempt surreptitiously to obtain them. Under these circumstances, it is difficult to see how he can be personally punished for failure to produce them. As secretary he has custody generally of all books and papers by virtue of his office and under the by-law which is quoted, but it is within the power of the corporation to place some part of them in the special custody of some other officer, and this it seems to have done. It is thought that this court cannot punish the secretary personally for failing to produce a paper which his employer has intrusted to some other officer. Of course, the corporation can be compelled to produce them, and if called upon to do so it can claim no immunity should it obey the call. Had it been served with a subpœna such as this, it might be held in contempt if it did not send the documents to the grand jury room. But it is doubtful whether the corporation has been served. The subpœna is directed to Ransom, describing him as secretary and treasurer, but it was not addressed to the corporation nor to himself as secretary, and, indeed, no application is now made to punish the corporation for dis-

obedience. The point is formal and technical, but it has some substance, and in a proceeding to punish for contempt it is always well to avoid even technical objections, especially when that can be so easily done as it can be here by serving a new subpœna, directed to the corporation itself.

A similar disposition is made of the other two proceedings against McAllister and Young.